Bell, J.
Prior to October 25,1949, the Tax Commissioner, by virtue of Section 5624-10, General Code (Section 5715.39, Revised Code), had the authority to remit taxes and penalties thereon, found by him to have been illegally assessed. On that date, however, this power, by amendment of Section 5624-10, *502 was transferred to the Board of Tax Appeals. The authority of the Tax Commissioner thereupon ceased, and, therefore, the decision of the Board of Tax Appeals in affirming the dismissal of the application filed with the Tax Commissioner was correct.
The most important question raised by appellants concerns the imposition of the ten per cent penalty pursuant to the provisions of Section 2657, General Code (Section 323.17, Bevised Code), on a previous 50 per cent nonfiling penalty assessed against the estate. It is contended by appellants that the 50 per cent additional assessment made pursuant to Section 5390, General Code (Section 5711.27, Bevised Code), is a penalty, and that the subsequent imposition of the ten per cent thereon is a penalty on a penalty and therefore illegal.
Although all parties concede that a penalty on a penalty is illegal, some doubt exists in the minds of some members of the court as to the reason for such illegality.
The rule in Ohio apparently stems from the case of White v. Woodward, 44 Ohio St., 347, 7 N. E., 446, where the opinion, in its entirety, reads as follows:
“By the Court. Sections 2844 and 1053 of the Bevised Statutes, when construed together, and with the exactness that all statutes imposing penalties should be, only authorize the imposition of a penalty of 15 per cent on the nonpayment of the taxes assessed and levied upon a tract or lot of land for the first default in the payment of the same; and do not permit the assessment of a penalty on the same taxes, or the penalty thereon, in any succeeding year or years by reason of the continued nonpayment of such taxes and penalty.”
Section 2844, Bevised Statutes (Section 5719.18, Bevised Code), provided for the imposition of a 15 per cent penalty for the nonpayment of real estate taxes. Section 1053, Bevised Statutes, provided for the forwarding of an abstract of a delinquent land tax list to the Auditor of State.
The rule prohibiting a penalty on a penalty as set out in 85 Corpus Juris Secundum, 604, Taxation, Section 1034 (c), is: “So also the assessment, in any succeeding year or years, of a penalty on a penalty for which the taxpayer is liable by reason of nonpayment of taxes is not permissible * * *.”
The only authority cited for the rule is White v. Woodward, supra.
*503 Much more reason for the rule appears in the case of Hunter, Treas., v. Borck, 51 Ohio St., 320, 37 N. E., 714. In that case an attempt was made by a county treasurer to collect a five per cent penalty on delinquent taxes to which a 15 per cent penalty had been added under Section 2844, Revised Statutes. Paragraph one of the syllabus reads:
‘ ‘ The penalty of five per centum as compensation to county treasurers, provided in Section 1094 of the Revised Statutes, is to be limited to the original delinquent tax, and is not collectible on any subsequent penalty that may be charged upon the duplicate against the property on account of such original delinquency.”
In the opinion in the Hunter case the following appears:
“The question, however, arises, shall the penalty of five per centum be had not only upon the taxes that are for the first time delinquent, but upon the penalty assessed thereon. We think the penalty of five per centum is to be limited to an original delinquent tax, and is not collectible on any subsequent penalty that may be charged upon the duplicate against the land on account of such delinquency. The statute is not to be construed as imposing a penalty upon a penalty. White v. Woodward, 44 Ohio St., 347. It is contended, however, that the five per centum is not to be regarded in the light of a penalty, but rather as a compensation to the treasurer. But such per centum is exacted under the statute, for nonpayment of taxes due on the 20th of December and the 20th of June; and in the language of the statute it is designated as a penalty.”
But regardless of the soundness of the rule prohibiting a penalty on a penalty, in view of the concession made herein, we are confronted with the question of whether the 50 per cent assessed under Section 5390, General Code, is a penalty.
The pertinent part of that section reads as follows:
“When a taxpayer * * * fails to list in a return any item or items of taxable property which he is required by this chapter to list therein, the assessor shall add to the assessment of each class or item of taxable property which the taxpayer so failed to * * * list a penalty of 50 per centum thereof', but if such taxpayer shall within 60 days after the expiration of the time prescribed by this chapter, make a return or an amended *504 or supplementary return and shall list therein all items of taxable property which he is required by this chapter so to list, and in all cases in which the taxpayer’s only default is his failure to pay the amounts specified in Section 5671-1 of the General Code within the time therein specified, such penalty shall be five per centum of the assessment and, if the assessment certificate has been issued, an amended assessment certificate shall be issued and substituted therefor. The penalty assessment shall be entered on the proper tax list or lists and duplicate or duplicates and taxes shall be levied thereon the same as on the assessment itself.” (Emphasis added.)
The Board of Tax Appeals, after quoting the last sentence in the above-quoted statute, said that the language used “clearly displays that the assessment of property to arrive at value for taxation purposes, and the levying of taxes upon the assessed value are two different and distinct operations,” and concluded that the 50 per cent assessment is not in fact a penalty but is an addition of 50 per cent of the usual tax base to the assessed value upon which a tax is subsequently to be levied.
In determining the intent of the General Assembly, some review of the legislative history of Section 5390, General Code, is appropriate. In the original enactment of a comprehensive tax law in 1859 (56 Ohio Laws, 175, 190), and in subsequent enactments of Section 2784, Revised Statutes; and Section 5390, General Code, provision was made for the imposition of an additional assessment of 50 per cent of the value for neglect or refusal to list personal property for taxation, without denoting the nature of the assessment. However, in 1931, in amending Section 5390, General Code (114 Ohio Laws, 714, 741), the General Assembly described the 50 per cent additional assessment as a “penalty,” which term was retained when that section was again amended in 1933 (115 Ohio Laws, 548, 567), and in present Section 5711.27, Revised Code.
It must be presumed that the General Assembly knew the meaning of the words it used in its enactments. When it incorporated the word, “penalty,” into Section 5390, General Code, in 1931, the General Assembly must have meant just what it said, i. e., that the 50 per cent imposed is a penalty. The fact that the General Assembly no less than eight times used the *505 word, “penalty” or “penalty assessment,” in Sections 5390 and 5391 (which latter section deals with a petition for redetermination of an assessment made under Section 5390) would indicate it intended the 50 per cent to be a penalty.
There are, in addition, two other compelling reasons which require the interpretation of this provision of Section 5390 as imposing a penalty. In Bouvier’s Law Dictionary, a penalty is defined as “the punishment inflicted by a law for its violation. The term is most applied to a pecuniary punishment.”
Section 5390 fixes a punishment as to a taxpayer, who fails to list in a return any item or items of taxable property which he is required to list, by adding an additional 50 per cent to the value of such property. Since 50 per cent is not added to the value of the property of a taxpayer who does make a proper return, does it not follow that the 50 per cent addition to the property of a noncomplying taxpayer is a punishment or penalty inflicted upon him for failure to obey the law!
It has long been accepted in the law of this state and generally accepted in the law of all states that, in construing tax statutes which levy a tax, such statutes must be strictly construed against the taxing authority and in favor of the taxpayer. Assuming that the intention of the General Assembly was not clear, and that the terms of the statute were ambiguous, the application of this principle of construction would require the holding that the 50 per cent is a penalty.
Since we are of the opinion that the 50 per cent is a penalty, and it is conceded that a penalty on a penalty is illegal, the ten per cent penalty provided for in and imposed under Section 2657, General Code, upon the 50 per cent increase provided for in and assessed under Section 5390 is a penalty on a penalty and therefore illegal.
In view of this decision on the principal isue involved, it is not necessary to discuss appellants’ other assigned error.
The decision of the Board of Tax Appeals is reversed.

Decision reversed.

Matttttas, Hart, Zimmerman, Stewart and Taft, JJ., concur.
*506 Weygandt, C. J., dissents on the basis of the persuasive reasoning of the Board of Tax Appeals that the controlling factor in the statute is the actual nature of the 50 per cent assessment and not the mere name or label employed by the General Assembly.